In the United States District Court
Southern District of Texas
Houston Division

Adam Johnson,

*Plaintiff*,

v.

The J.M. Smucker Company, *et al.*,

*Defendants*.

Civil Action No. 4:24-cv-00970

## DEFENDANT J.M. SMUCKER LLC'S NOTICE OF REMOVAL

### I. Introduction and Relevant Background

1.      This is a personal-injury case involving products-liability claims. *See generally* Pl.'s 2nd Am. Pet. The Plaintiff, Adam Johnson, claims he swallowed a piece of glass while eating a peanut-butter-and-jelly sandwich. *See id.* ¶¶ 20–21. He claims that the glass came from the bottom of the jar of Smucker's jam he used to make his sandwich. *See id.* ¶ 21. He further claims that Defendant Ardagh Glass, Inc. and/or its affiliates manufactured the glass jar. *See id.*

2.      Plaintiff filed suit in the 152nd District Court of Harris County, Texas. *See generally* Pl.'s 2nd Am. Pet.

3.      Haley Johnson, who claims to be married to Plaintiff, intervened. *See* Intervenor's 1st Am. Pet. in Intervention.

4.      Initially, Plaintiff and Intervenor (collectively, "Plaintiffs") had included H-E-B, LP—a Texas-based entity—as a defendant. However, on March 3, 2024, Plaintiff voluntarily nonsuited his claims against H-E-B, LP. *See* Pl.'s Notice of Nonsuit. Then, on March 4, 2024, Intervenor nonsuited her claims against H-E-B, LP. *See* Intervenor's Notice of Nonsuit.

5.      Under Texas procedural law, a plaintiff's nonsuit is effective immediately upon filing. *Kelsall v. Haisten*, 564 S.W.3d 157, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.)

(citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862–63 (Tex. 2010)). Thus, this case became removable on March 4, 2024, when Intervenor nonsuited her claims against H-E-B, LP.

6.     As discussed below: (a) the amount in controversy exceeds $75,000, exclusive of interest and costs, with Plaintiff claiming over $30 million in damages and Intervenor claiming over $5 million in damages; and (b) now that H-E-B, LP is no longer a party, there is complete diversity of citizenship between the other parties. Further, this removal is timely because it is filed within 30 days of the case becoming removable and within one year of the commencement of this action against J.M. Smucker LLC.

7.     Therefore, with the written consent of the Co-Defendants, J.M. Smucker LLC exercises its right to remove this case to federal court.

## II. The Parties

8.     Adam Johnson and Haley Johnson (collectively, "Plaintiffs") are individuals domiciled in Texas. They are citizens of Texas for purposes of diversity jurisdiction.

9.     The J.M. Smucker Company is an Ohio corporation with its principal place of business in Ohio. It is a citizen of Ohio for purposes of diversity jurisdiction.

10.     Smucker Sales and Distribution Company is an Ohio corporation with its principal place of business in Ohio. It is a citizen of Ohio for purposes of diversity jurisdiction.

11.     Smucker Foodservice, Inc. is a Delaware corporation with its principal place of business in Ohio. It is a citizen of Delaware and Ohio for purposes of diversity jurisdiction.

12.     J.M. Smucker LLC is a limited liability company. Its sole member is Smucker Foods, Inc., which is a Delaware corporation with its principal place of business in Ohio. Therefore, J.M. Smucker LLC is a citizen of Delaware and Ohio for purposes of diversity jurisdiction.

13.     Ardagh Glass Inc. is a Delaware corporation with its principal place of business in Indiana. Thus, it is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

14.     Ardagh Glass Packaging Inc. is a Delaware corporation with its principal place of business in Indiana. Thus, it is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

15.     Ardagh Glass Containers Inc. is a Delaware corporation with its principal place of business in Indiana. Thus, it is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

16.     Ardagh Holdings USA Inc. is a Delaware corporation with its principal place of business in Indiana. Thus, it is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.[1]

### III. Basis for Removal

17.     The Court has diversity jurisdiction over this action.

18.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Adam Johnson is making a claim for over $30 million in monetary damages. *See* Pl.'s 2nd Am. Pet. ¶ 2. Haley Johnson is making a claim for over $5 million in monetary damages. *See* 1st Am. Pet. in Intervention ¶ 2.

19.     With Plaintiffs having dismissed their claims against H-E-B, LP, there is complete diversity of citizenship between the parties, as detailed in the prior section.

---

[1]     Plaintiffs have alleged that each of the Ardagh entities has its principal office in Luxembourg. If that is true, they would instead be citizens of Delaware and Luxembourg for purposes of diversity jurisdiction, which would still leave the parties completely diverse. J.M. Smucker LLC pleads, in the alternative, that none of the Ardagh entities have their principal place of business in Texas.

### IV. Venue, Timing, and Notice

20.     Venue is proper because the state court where the action has been pending is located in this District and Division.

21.     This removal is timely because it is filed within 30 days of this case becoming removable after Plaintiffs voluntarily dismissed H-E-B, L.P. from the case. Further, J.M. Smucker LLC is filing this removal within one year of the commencement of this action against J.M. Smucker LLC. *See* Pl.'s 2nd Am. Pet. (adding J.M. Smucker LLC as a Defendant on October 9, 2023); *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, No. CV H-20-1588, 2020 WL 8678020, at *10 (S.D. Tex. July 14, 2020) (Rosenthal, J.) (holding that, for purposes of removal under diversity jurisdiction, an action commences as to a later-added defendant when that defendant is first named as a party in the case).

22.     All documents required under the removal statute and the Court's local rules are attached. The attachments include written consent to removal by all Co-Defendants.

23.     J.M. Smucker LLC will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court.

Respectfully submitted,

By: /s/ Tarush R. Anand

Tarush R. Anand
Texas Bar No. 24055103
S.D. Tex. Bar No. 712010
tanand@mcglinchey.com
McGlinchey Stafford PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Phone: (713) 520-1900
Fax: (713) 520-1025

**Attorney in Charge for Defendant**
**J.M. Smucker LLC**

Of Counsel:

McGlinchey Stafford PLLC

Thomas J. Anastos
Texas Bar No. 24104507
S.D. Tex. Bar No. 3574872
tanastos@mcglinchey.com

## Certificate of Service

I certify that a true and correct copy of this document, together with any exhibits or attachments, is being served on all parties on March 15, 2024 in accordance with the Federal Rules of Civil Procedure.

/s/ Tarush R. Anand
Tarush R. Anand