United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ADAM JOHNSON,                        §
                                     §
            Plaintiff,               §
                                     §
v.                                   §        CIVIL ACTION NO. H-24-0970
                                     §
THE J.M. SMUCKER CO., et al.,        §
                                     §
            Defendants.              §


**MEMORANDUM OPINION AND ORDER**


Adam Johnson ("Plaintiff") brought this action in the 152nd District Court of Harris County, Texas, against H-E-B, LP ("HEB") on August 19, 2022; joined defendants The J.M. Smucker Company ("Smucker") and affiliated entities and Ardagh Glass Inc. ("Ardagh") and affiliated entities on December 7, 2022; and joined defendant J.M. Smucker LLC ("JMSL") on October 9, 2023.[1] Plaintiff's spouse, Haley Johnson ("Intervenor"), brought claims

---

[1]Plaintiff's Original Petition and Request for Disclosures ("Plaintiff's Original Complaint"), Exhibit 1 to Defendant J.M. Smucker LLC's Notice of Removal ("JMSL's Notice of Removal"), Docket Entry No. 1-2, p. 1 ¶ 1; JMSL's Notice of Removal, Docket Entry No. 1, p. 1 ¶ 2; Plaintiff's First Amended Petition and Request for Disclosures ("Plaintiff's First Amended Complaint"), Exhibit 5 to JMSL's Notice of Removal, Docket Entry No. 1-6, p. 1 ¶ 1; Plaintiff's Second Amended Petition and Request for Disclosures ("Plaintiff's Second Amended Complaint"), Exhibit 17 to JMSL's Notice of Removal, Docket Entry No. 1-18, p. 1 ¶ 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

against the same defendants.[2] Plaintiff and Intervenor (collectively, "Claimants") allege that Plaintiff suffered severe injuries from ingesting a glass shard that was inside a jar of Smuckers jam.[3] After HEB — the only Texas defendant — was nonsuited, JMSL removed the action to this court on March 15, 2024, on the basis of diversity jurisdiction.[4] Pending before the court is Plaintiff and Intervenor's Joint Motion to Remand ("Joint Motion to Remand") (Docket Entry No. 9). For the reasons stated below, the Joint Motion to Remand will be granted, and this action will be remanded to the 152nd Judicial District Court of Harris County, Texas.

## I. **Background**

On August 19, 2022, Plaintiff brought this action in the 152nd District Court of Harris County, Texas, alleging state law claims against HEB — the grocer that sold Plaintiff the jam.[5] Plaintiff

---

[2]Intervenor Haley Johnson's Original Petition in Intervention ("Intervenor's Original Complaint"), Exhibit 6 to JMSL's Notice of Removal, Docket Entry No. 1-7, p. 1 ¶ 1; Intervenor Hailey Johnson's First Amended Petition in Intervention ("Intervenor's First Amended Complaint"), Exhibit 16 to JMSL's Notice of Removal, Docket Entry No. 1-17, p. 1 ¶ 1.

[3]Intervenor's First Amended Complaint, Exhibit 16 to JMSL's Notice of Removal, Docket Entry No. 1-17, p. 5 ¶ 21, p. 6 ¶ 22; Plaintiff's Second Amended Complaint, Exhibit 17 to JMSL's Notice of Removal, Docket Entry No. 1-18, p. 5 ¶ 20, p. 6 ¶ 21.

[4]Plaintiff's Notice of Nonsuit of Defendant H-E-B, LP Without Prejudice ("Plaintiff's Nonsuit of HEB"), Exhibit 20 to JMSL's Notice of Removal, Docket Entry No. 1-21; Intervenor's Notice of Nonsuit of Defendant H-E-B, LP Without Prejudice ("Intervenor's Nonsuit of HEB"), Exhibit 21 to JMSL's Notice of Removal, Docket Entry No. 1-22.

[5]Plaintiff's Original Complaint, Exhibit 1 to JMSL's Notice of Removal, Docket Entry No. 1-2, p. 1 ¶ 1, p. 2 ¶ 10, pp. 5-7.

filed his First Amended Petition on December 7, 2022, adding state law claims against defendants Smucker, Smucker Sales and Distribution Co., Smucker Foodservice, Inc., Ardagh, Ardagh Glass Packaging Inc., Ardagh Glass Containers Inc., and Ardagh Holdings USA Inc.[6]  On December 9, 2022, Intervenor filed her Original Complaint, alleging state law claims against the same defendants.[7]

On February 20, 2023, Smuckers removed the action to this court on the basis of diversity jurisdiction.[8]  Claimants filed a motion to remand, arguing that diversity jurisdiction was lacking since HEB is a citizen of Texas.[9]  Defendants argued that HEB was improperly joined.[10]  The court remanded the action on April 14, 2023.[11]

On September 29, 2023, Smucker's counsel emailed Claimants' counsel and stated that "the Smucker entity that is the correct party for the claims brought in this suit is J.M. Smucker LLC.

---

[6]Plaintiff's First Amended Complaint, Exhibit 5 to JMSL's Notice of Removal, Docket Entry No. 1-6, p. 1 ¶ 1, pp. 10-14.

[7]Intervenor's Original Complaint, Exhibit 6 to JMSL's Notice of Removal, Docket Entry No. 1-7, p. 1 ¶ 1, pp. 10-15.

[8]Notice of Removal (Civil Action No. H-23-0602), Exhibit D to Joint Motion to Remand, Docket Entry No. 9-4, p. 3 ¶ 15.

[9]Plaintiff Adam Johnson and Intervenor Haley Johnson's Motion for Remand, Exhibit E to Joint Motion to Remand, Docket Entry No. 9-4, p. 3 ¶ 12.

[10]Notice of Removal (Civil Action No. H-23-0602), Exhibit D to Joint Motion to Remand, Docket Entry No. 9-4, p. 3 ¶ 17.

[11]Order Granting Plaintiff Adam Johnson and Intervenor Haley Johnson's Motion for Remand (Civil Action No. H-23-0602), Exhibit F to Joint Motion to Remand, Docket Entry No. 9-6.

This is the entity that would have manufactured the 32oz Strawberry Jam product at issue in this case."[12]  Counsel further stated that "[t]he Smucker entities named in the case are not proper parties."[13] On October 9, 2023, Plaintiff filed his Second Amended Complaint, and Intervenor filed her First Amended Complaint, joining JMSL as a defendant and alleging state law claims.[14]

On January 23, 2024, Claimants' expert produced a report concluding that the shard was caused by a manufacturing defect.[15] On March 4 and 5, 2024, Claimants voluntarily nonsuited their claims against HEB.[16]

On March 15, 2024, JMSL removed the action to this court on the basis of diversity jurisdiction.[17]  On April 12, 2024, Claimants filed the Joint Motion to Remand.[18]  It is undisputed that diversity

---

[12]Email from Smucker's attorney Tarush Amand re Jar Inspection and Entity Information, Exhibit O to Joint Motion to Remand, Docket Entry No. 9-15, p. 1.

[13]Id.

[14]Plaintiff's Second Amended Complaint, Exhibit 17 to JMSL's Notice of Removal, Docket Entry No. 1-18, p. 1 ¶ 1, pp. 9-13; Intervenor's First Amended Complaint, Exhibit 16 to JMSL's Notice of Removal, Docket Entry No. 1-17, p. 1 ¶ 1, pp. 10-13.

[15]Fractographic Analysis Report on The Fractured Jam Jar Glass Ingestion Matter ("Fractographic Expert Report"), Exhibit I to Joint Motion to Remand, Docket Entry No. 9-9, pp. 1, 11 ¶ F(3).

[16]Plaintiff's Nonsuit of HEB, Exhibit 20 to JMSL's Notice of Removal, Docket Entry No. 1-21; Intervenor's Nonsuit of HEB, Exhibit 21 to JMSL's Notice of Removal, Docket Entry No. 1-22.

[17]JMSL's Notice of Removal, Docket Entry No. 1, p. 3 ¶¶ 17-19.

[18]Joint Motion to Remand, Docket Entry No. 9.

jurisdiction exists.[19]   Claimants argue that JMSL's removal is barred by 28 U.S.C. § 1446(c)(1), under which actions that become removable on diversity grounds after filing may not be removed more than one year after "commencement" of the action.[20]   "Claimants argue that although Defendant JMSL was misidentified when they filed suit against the 'Original' Smucker Defendants in December 2022, the [misidentification] exception applies, and this Court should construe the commencement of this action against Defendant JMSL as having occurred on December 7, 2022, and not October 9, 2023, as [] JMSL contends in its Notice of Removal."[21]

Defendants respond that the misidentification doctrine does not apply to the removal deadline, that this is not a case of misidentification, and that Claimants acted in bad faith to prevent removal.[22]

## II.  **Removal Jurisdiction**

Under 28 U.S.C. § 1441(a)[23] a defendant may remove a state court civil action to federal district court if it has original

---

[19]Id. at 8 ¶ 15.

[20]Id. ¶ 16.

[21]Id. at 10 ¶ 20.

[22]Defendants' Joint Response to Plaintiff and Intervenor's Joint Motion to Remand ("Defendants' Response"), Docket Entry No. 13, pp. 6-8.

[23]Title 28 U.S.C. § 1441(a) provides:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

-5-

jurisdiction.  See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007).  "The district courts shall have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).   However "[a] case may not be removed under [§ 1446(b)(3)] on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

## III. **Analysis**

### A.   **Whether Misidentification Can Apply**

The parties appear to agree that when an action "commence[s]" is determined by reference to state law.[24]  The court has at least twice concluded that an action generally commences against a new

---

[24]Defendants' Response, Docket Entry No. 13, p. 9; Plaintiff and Intervenor's Reply to Defendants' Response to Plaintiff and Intervenor's Joint Motion for Remand ("Claimants' Reply"), Docket Entry No. 14, pp. 3-4 ¶ 4; see also Braud v. Transport Service Co. of Illinois, 445 F.3d 801, 804 (5th Cir. 2006) (when action "commenced" for purposes of CAFA effective date was question of state law).

defendant when it is first added, citing opinions involving statutes of limitations and relation back.  <u>See Granite State Insurance Co. v. Chaucer Syndicate 1084 at Lloyd's,</u> Civil Action No. H-20-1588, 2020 WL 8678020, at *10 (S.D. Tex. July 14, 2020);[25] <u>Benavides v. Sun Loan Partnership No. 3, Ltd.,</u> Civil Action No. 2:13-CV-00084, 2013 WL 2458625, at *1 (S.D. Tex. June 6, 2013).[26]  In particular, the court relied on the Texas rule that "'"[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading."'"  <u>Granite State Insurance,</u> 2020 WL 8678020, at *9 (quoting <u>Alexander v. Turtur & Associates, Inc.,</u> 146 S.W.3d 113, 121 (Tex. 2004)); <u>Benavides,</u> 2013 WL 2458625, at *3 (same).

But Texas law recognizes exceptions under which the addition of a new party does relate back to an earlier pleading.  <u>Benavides,</u> 2013 WL 2458625, at *6 (citing <u>Flour Bluff I.S.D. v. Bass,</u> 133

---

[25]<u>Granite State Insurance Co.,</u> 2020 WL 8678020, at *10 ("Under the more recent Texas Court of Appeals case [<u>Morris v. Ponce,</u> 584 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2019)], holding that an action commences as to each defendant when that defendant is first named; the Texas Supreme Court's holding that 'an amended pleading adding a new party does not relate back to the original pleading'; and the growing number of federal district courts concluding that adding a defendant is generally when the action commences as to that defendant, the court concluded that under Texas law, the action commenced as to Chaucer when it was first named as a defendant.").

[26]<u>Benavides,</u> 2013 WL 2458625, at *4 ("[S]uit is "commenced" at the time the original pleading is first filed in a court of competent jurisdiction unless there are special circumstances that prevent the relation-back, such as the addition of a new party. <u>Under those circumstances, the new pleading commences a new action as to that new defendant.</u>") (emphasis added).

S.W.3d 272, 274 (Tex. 2004)).   In <u>Benavides</u> the court held that misidentification is an exception to the general rule that adding a party commences a new action against that party.   <u>Id.</u> at *5-6.[27] This is consistent with the Texas Supreme Court's description of relation back:

> The relation-back doctrine does not affect the running of limitations on a cause of action; rather, it defines what is to be included in 'the action' to which limitations applies. . . . [T]he purpose of the relation-back doctrine is to determine not <u>when,</u> but <u>on what</u> limitations runs.

<u>University of Texas Health Science Center at San Antonio v. Bailey,</u>

332 S.W.3d 395, 400 (Tex. 2011).   In other words, if Claimants can show that their claims against JMSL relate back, Texas law would consider those claims to be part of the original action against Smucker, which commenced on December 7, 2022.[28]

---

[27]Defendants argue that <u>Benavides</u> is not relevant because it did not deal with § 1446(c)(1).   <u>See</u> Smucker Defendants' Surresponse to Plaintiff and Intervenor's Joint Motion to Remand, Docket Entry No. 16, p. 3.   Although it is true that <u>Benavides</u> dealt with a different statutory section, the dispositive question was the same:   When did the action "commence" within the meaning of state law?   In fact, in stating that "[c]ourts look to state law to determine when an action in state court 'commences,'" <u>Granite State Insurance,</u> 2020 WL 8678020, at *8, cited <u>Braud,</u> a Fifth Circuit opinion that dealt with the CAFA effective date — not § 1446(c)(1). Multiple different removal provisions depend on the state law regarding when an action commences.   But the court does not perceive in the removal case law that the state law meaning of commencement is somehow different for each removal provision.

[28]This also makes intuitive sense.   Where an original defendant's affiliate knows of the plaintiff's claims and is not misled or prejudiced by the mistake, the affiliate likely knows that it will be joined unless the plaintiff never realizes his mistake.   If the affiliate wishes to join the litigation to assert its rights, it can promptly notify the plaintiff of the mistake or
(continued...)

-8-

**B.    Whether the Claims Against JSML Relate Back**

In the alternative Defendants argue that Claimants do not meet the elements of misidentification.[29]   An amendment correcting a misidentification relates back to an earlier pleading if "(1) there are two separate but related entities that use a similar trade name, (2) the correct entity had notice of the suit, and (3) the correct entity was not misled or disadvantaged by the plaintiff's mistake." Cooper v. D & D G.C. of Gilmer, Inc., 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006).  Defendants do not dispute that Smucker and JMSL are affiliated or that they use a similar trade name. Plaintiff's First Amended Complaint included an image of the jar, and it shows that it was a 32 oz strawberry jam jar.[30]   That information was enough for Smucker's counsel to determine that JMSL was the manufacturer.[31]   Combined with Smucker's affiliation with JMSL, the court concludes that JMSL had adequate notice of Claimants' action.   JMSL has not explained how it was misled or prejudiced by Claimants' mistake.

---

[28](...continued)
seek to intervene.  It is therefore fair to treat the action as commencing against the misidentified party when it has notice of the suit instead of when it is formally joined.

[29]Defendants' Response, Docket Entry No. 13, p. 11.

[30]Plaintiff's First Amended Complaint, Exhibit 5 to JMSL's Notice of Removal, Docket Entry No. 1-6, p. 7.

[31]Email from Smucker's attorney Tarush Amand re Jar Inspection and Entity Information, Exhibit O to Joint Motion to Remand, Docket Entry No. 9-15, p. 1.

Defendants argue that misidentification requires that the original defendant was "'erroneously named'" in the original complaint and that the plaintiff dismissed the erroneously named defendant upon joining the correct defendant.[32]  Claimants respond that they added JMSL — as opposed to substituting it as a defendant — as a matter of caution.[33]

Although the misidentification case law often speaks in terms of correct and incorrect or erroneous parties, the elements of misidentification do not depend on whether the plaintiff dismisses the original defendants or how quickly he does so.  Moreover, Defendants have not cited any opinions rejecting relation back on such grounds.[34]  The court concludes that Claimants satisfy the

---

[32]Defendants' Response, Docket Entry No. 13, p. 11 (quoting Enserch Corp. v. Parker, 794 S.W.2d 2, 5 (Tex. 1990)).

[33]Claimants state:

> At the time of J.M. Smucker LLC's removal, Claimants were in possession of two documents, total, that together evidenced one thing and one thing only relating to [JMSL]'s involvement in this matter: "[JMSL] manufactures the 32 oz. Strawberry Jam product at issue in this case." These two documents are (1) unverified interrogatory responses . . . by The J.M. Smucker Co., Smucker Sales and Distribution Company, and Smucker Foodservice, Inc., only; and (2) a September 29, 2023, email . . . from joint counsel for all Smucker-affiliated entities in this case identifying [JMSL] as the entity that "would have manufactured the 32oz Strawberry Jam product at issue" and representing that "[t]he Smucker entities [previously] named in the case are not proper parties."

Claimants' Reply, Docket Entry No. 14, p. 15 ¶ 26 (internal citations omitted).

[34]A dismissal-of-original-defendants element could pose significant problems.  A plaintiff with less than complete
(continued...)

elements of misidentification with respect to JMSL. Because Plaintiff's claims against JMSL relate back to his December 7, 2022, First Amended Complaint against Smucker, that is the date the action "commenced" as to JMSL. JMSL's removal on March 15, 2024, was therefore outside the § 1446(c)(1) one-year removal period.

## C.  Whether Claimants Acted in Bad Faith to Prevent Removal

Defendants argue that Claimants acted in bad faith to prevent removal.[35] Under § 1446(c)(1), bad faith on Claimants' part to prevent removal would allow Defendants to remove after the one-year deadline. 28 U.S.C. § 1446(c)(1) ("A case may not be removed . . . more than 1 year after commencement of the action . . . unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). Defendants argue that Claimants acted in bad faith by maintaining their claims against HEB for months after they believed that the shard was the result of a manufacturing defect.[36] Defendants cite communications by Claimants' attorney after their expert inspected the jar showing that Claimants believed the shard to be the result

---

[34] (...continued)
certainty regarding the proper defendant could have to choose between losing the possibility of relation back and dismissing potentially valid claims against the original defendant. Such a requirement would be problematic in cases where the affiliated defendants contribute to the plaintiff's injury and the plaintiff mistakenly identifies them as a single legal entity.

[35] Defendants' Response, Docket Entry No. 13, p. 13.

[36] Id. at 15-16.

-11-

of a manufacturing defect (which would mean that HEB, the grocer, was not the source of the defect).[37]

Experts take time after inspecting evidence to complete and memorialize their analysis in a written expert report. Before abandoning claims based on an expert opinion, prudent counsel may reasonably wait for the written, finalized expert report, evaluate the report's conclusions and reliability, and confer with the client. Defendants have offered no evidence showing that Claimants delayed the completion of their expert's report (01/23/2024), and Claimants nonsuited HEB a little over a month after the report was completed (03/04/2024).[38] The court is not persuaded that Claimants acted in bad faith to keep HEB in the case to prevent removal.

## IV.  **Conclusion and Order**

Based on Texas law of misidentification and relation back, the action "commenced" against JMSL when Plaintiff first alleged claims against Smucker on December 7, 2022.  Moreover, the court is not persuaded that Claimants acted in bad faith to prevent removal. JMSL's removal was therefore outside the one-year deadline imposed by 28 U.S.C. § 1446(c)(1).  Plaintiff and Intervenor's Joint Motion

---

[37]Id. at 16-18.

[38]Fractographic Expert Report, Exhibit I to Joint Motion to Remand, Docket Entry No. 9-9, p. 1; Plaintiff's Nonsuit of HEB, Exhibit 20 to JMSL's Notice of Removal, Docket Entry No. 1-21; Intervenor's Nonsuit of HEB, Exhibit 21 to JMSL's Notice of Removal, Docket Entry No. 1-22.

to Remand (Docket Entry No. 9) is therefore **GRANTED,** and this action is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas.  The Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

     **SIGNED** at Houston, Texas, on this the 23rd day of May, 2024.

                                  SIM LAKE
                   SENIOR UNITED STATES DISTRICT JUDGE